UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GEORGE REELS,** : | |
| : | |
| Plaintiff, : | Hon. Madeline C. Arleo |
| : | Civil Action No. 16-210 (MCA) |
| v. : | |
| : | |
| **LIBERTY MUTUAL INSURANCE,** : | |
| : | **REPORT AND RECOMMENDATION** |
| Defendant. : | |

This matter having come before the Court by way of Plaintiff's motion to remand this case to the Superior Court of New Jersey, Passaic County, Law Division [D.E. 3];

and Defendant having opposed Plaintiff's motion [D.E. 4];

and the Court having considered the papers submitted in support of, and in opposition to, the motion;

and as an initial matter, Local Civil Rule 7.1 governing the filing of motion papers and stating that "[n]o application will be heard unless the moving papers and a brief, prepared in accordance with L. Civ. R. 7.2, and proof or acknowledgement of service no all other parties, are filed with the Clerk at least 24 days prior to the noticed motion day," L. Civ. R. 7.1(d)(1);

and Rule 7.1(d) further stating that "[t]he brief shall be a separate document for submission to the Court, and shall note the motion day on the cover page," id.;

and it appearing that Plaintiff's motion does not include a separate brief;[1]

---

[1] Plaintiff includes all of the legal arguments in support of the motion in enumerated paragraphs in a "Certification of Michael P. De Marco, Esq.". D.E. 3-3. Under Local Civil Rule 7.2, "[a]ffidavits shall be restricted to statements of fact within the personal knowledge of the affiant. Argument of the facts and the law shall not be contained in affidavits" and "[l]egal arguments and summations in affidavits will be disregarded by the Court . . . ." L.Civ.R. 7.2(a). If a party files a certification only, without a supporting brief, the certification may be disregarded. *See Cannon v. Cherry Hill Toyota*, 190 F.R.D. 147, 157-58 (D.N.J. 1999).

and 28 U.S.C. § 1447(c) requiring "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).";

and it appearing that Plaintiff failed to file the motion to remand within 30 days after the filing of Defendant's notice of removal;[2]

and therefore, Plaintiff's motion to remand is procedurally defective and untimely filed;

and for good cause shown;

the Undersigned respectfully recommends that the District Court deny Plaintiff's motion to remand [D.E. 3].

Under 28 U.S.C. § 636, and L. Civ. R. 71.1(c)(2), the parties have fourteen days to file and serve objections to this Report and Recommendation.

s/ Michael A. Hammer<br>**UNITED STATES MAGISTRATE JUDGE**

Dated: April 20, 2016

---

[2] Defendant removed this case on January 12, 2016, citing diversity jurisdiction as the grounds for removal.  See Notice of Removal, D.E. 1.  Pursuant 28 U.S.C. § 1447(c), any motion to remand based on a defect other than lack of subject matter jurisdiction should have been filed within thirty days of January 12, 2016, or February 12, 2016.  Plaintiff filed the instant motion to remand on March 14, 2016.  Plaintiff does not argue a lack of subject matter jurisdiction, nor does Plaintiff dispute that the requirements for diversity jurisdiction are met.  Instead, Plaintiff argues that Defendant's removal is defective because Defendant failed to remove this case within one year after the filing of the Complaint, as required by 28 U.S.C. § 1446(c).  Accordingly, Plaintiff's motion to remand should have been filed on or before February 11, 2016, which he failed to do.